WHISPERING WATERS, INC., PLAINTIFF, v. ZONING BOARD OF THE CITY OF SALEM, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 19, 1973.

222

*Mr. E. Allen Nickerson* for plaintiff.

*Mr. Oakford W. Acton, Jr.* for defendant (*Messrs. Acton & Point,* attorneys).

HORN, A. J. S. C. This is an action in lieu of prerogative writs. Plaintiff applied to the Salem City Planning Board for a recommendation to the Salem City Zoning Board of plaintiff's proposed development of certain garden-type, multiple dwelling units. The planning board adopted a resolution recommending unfavorably. Notwithstanding the unfavorable recommendation, plaintiff nevertheless applied to the zoning board for a special exception under section 6:914 of the zoning ordinance. This section reads as follows:

6:914—GARDEN-TYPE MULTIPLE DWELLING. The Board of Adjustment may authorize as a special exception, after reveiw by and upon the recommendation of the Planning Board, the erection of a garden-type multiple dwelling or a group of garden-type multiple dwellings in any Residence District. Such dwelling, or group of dwellings as a unit, shall conform with all regulations for the district in which it is located and with all pertinent general regulations of this Ordinance, except those for which the following special regulations shall be substituted * * *.

The zoning board denied the application on the ground that it did not have jurisdiction to authorize the special exception, in view of the unfavorable recommendation of

the planning board. Consequently, it refused to conduct a hearing or permit the taking of testimony, or to otherwise act on plaintiff's application.

Plaintiff asks this court to direct the zoning board to hear and decide its application on the merits thereof.

The parties have agreed that the matter should be decided by me on the allegations of the complaint, as though there were cross-motions for summary judgment.

Defendant contends that the board of adjustment is specifically bound by its authority as set forth in section 6:914 of the zoning ordinance, and that the board may not grant a special exception until two things have occurred: first, a review by the planning board, and, second, a recommendation by that board that a special exception be granted.

Defendant further contends that *N. J. S. A.* 40:55-39(b) directs that, since the board of adjustment may "hear and decide in accordance with the provisions of any such ordinance" and since the ordinance requires recommendation by the planning board, the board of adjustment is without jurisdiction unless such recommendation of the planning board is forthcoming.

Defendant relies on *Schmidt v. Board of Adjustment, Newark,* 9 *N. J.* 405 (1952), for the proposition that the board of adjustment may

* * * define the category of special exceptions and the role of the statutory administrative body in the fulfillment of declared policy, *i. e.,* whether the latter's jurisdiction shall be exclusive, controlled by certain and definite rules of conduct, or recommendatory only.

Defendant also refers to *Verona, Inc., v. Mayor, etc., West Caldwell,* 49 *N. J.* 274 (1967), as holding that the municipality may deny to the board of adjustment sole power to approve special exceptions.

I must disagree with defendant's contentions and its interpretation of these cases.

In *Schmidt, supra,* the local board of adjustment refused leave to plaintiff to use lands in Newark for the operation

of a gasoline service station. The ordinance involved in that case provided that no permit for such use should issue "except upon application first made to the Board of Adjustment," which was empowered, after hearing, to recommend in writing to the local governing body that a permit for such use be granted if in its judgment it would not be detrimental to the health, safety and general welfare of the community, and is reasonably necessary for the convenience of the community.

Also, in *Schmidt,* appellants' challenge to the lower tribunals' decisions included the lack of statutory authority for action by the governing body on the favorable recommendation or otherwise of the zoning board. They asserted that, since the governing body was not authorized by statute to act and since the board of adjustment could only recommend, there was no valid local legislation authorizing the special exception. 9 *N. J.* at 412–413.

A careful reading of the opinion will disclose that the court held that the zoning ordinance, or its provisions drawn pursuant to *N. J. S. A.* 40:55–39(b), could provide for the authorization directly by the zoning board, or, as in the case of *N. J. S. A.* 40:55–39(d), merely permit the zoning board to make a recommendation to the governing body.

The court did not discuss whether the zoning board's jurisdiction to make a determination under section 39(b) was exclusive in relationship to other municipal agencies, such as a planning board. Its holding was confined to zoning boards' relationships to their respective governing bodies. In other words, a governing body could, by the terms of a zoning ordinance, give authority to a zoning board to authorize a special exception or to restrict the action of a zoning board to recommending to the governing body.

In *Verona, Inc., supra,* plaintiff sought permission to extend its parking lot into an adjoining area zoned for a residence, and also sought a variance from the rear-yard requirements applicable to its commercial building. The board of adjustment, after public hearing, recommended

approval of both requests, but the mayor and council denied both applications, whereupon plaintiff brought action challenging the denial.

The pertinent section of the zoning ordinance involved in that case provided that parking areas for business use should be permitted in adjoining residential zones for a distance not exceeding 100 feet, provided said area was contiguous to the lot upon which the main business building is located, after hearing on notice to adjacent property owners upon an application for a special variance and recommendation.

The court held that the zoning ordinance before it limited the authority of the board of adjustment to a recommendation of the action for final approval.

A municipality may deny the Board of Adjustment power to approve by itself special exceptions and may limit the authority of the board to recommendations to the governing body for that body's final approval. *Schmidt v. Board of Adjustment of City of Newark,* 9 *N. J.* 405, 419–420 (1952). [49 *N. J.* at p. 284]

Nowhere in these opinions does the Supreme Court hold that a zoning board is paralyzed by a failure to receive an affirmative recommendation from another agency, such as a planning board.

In *Duffcon Concrete Products v. Cresskill,* 1 *N. J.* 509 (1949), it was said:

Once the board of adjustment is provided for in the zoning ordinance, its powers stem directly from the statute (*R. S.* 40:55–39), and may not in any way be circumscribed, altered or extended by the municipal governing body. [at 515–516]

In *Swimming River Golf and Country Club v. New Shrewsbury,* 30 *N. J.* 132 (1959), the court held:

* * * the board of adjustment is the only agency empowered to hear and decide requests for special exceptions in accordance with standards specified in a municipal zoning ordinance, as this matter

is committed by state statute to that board and the municipality may not deviate from that framework. *Saddle River Country Day School v. Saddle River, supra; Duffcon Concrete Products, Inc. v. Borough of Cresskill,* 1 *N. J.* 509, 515–516 (1949) ; *Tzeses v. Board of South Orange,* 22 *N. J. Super.* 45 (App. Div. 1952). [at 136]

In *Saddle River Country Day School v. Saddle River,* 51 *N. J. Super.* 589, 604 (App. Div. 1958), a zoning ordinance providing that requests for special exceptions be referred to the planning board for recommendation and then to the governing body for final decision was invalid because, as held in *Schmidt v. Board of Adjustment, Newark, supra,* the board of adjustment was the only agency authorized to consider the special exception applied for, and to either grant it or recommend it to the governing body.

Thus, more recently in *Piscitelli v. Tp. Comm., Scotch Plains Tp.,* 103 *N. J. Super.* 589, 596 (Law Div. 1968), the same principles were repeated.

Defendant contends that the wording of section 6 :914, "after review by and upon the recommendation of the Planning Board," means only favorable recommendation. If this is true, then this section of the zoning ordinance is invalid, for the reason that the practical effect of such a provision would be to make the planning board the sole arbiter of whether the application for the special exception should be granted.

The word "recommend" has been defined as meaning to commend or to counsel. *Random House Dictionary of the English Language* (unabridged ed. 1966). Obviously, if the word "recommend" means "to counsel," then all that the ordinance calls for from the planning board is either a favorable or an unfavorable recommendation. If the recommendation is favorable, it may consider that recommendation and proceed pursuant to the statute and the ordinance. If the recommendation is unfavorable, the zoning board may likewise consider the recommendation and proceed to take action on the application for the special exception. It may allow the special exception notwithstanding an unfavorable

recommendation from the planning board, so long as its determination falls within appropriate guidelines.

But even construing "recommend" to mean to commend or to report favorably, for the reasons already mentioned, the zoning board may nevertheless act, since such condition precedent is invalid.

The third paragraph of *N. J. S. A.* 40:55–1.13 reads as follows:

Whenever the planning board, pursuant to this act shall have made a recommendation to another body, such recommendation may be overridden only by a majority of the full membership of such other body. Where the body which shall have overridden a recommendation of the planning board is a municipal body or agency, the action of such body shall not become final until the governing body of the municipality shall, by majority vote, approve its action in overriding the recommendation of the planning board.

It is not necessary to pass upon the question of whether the quoted paragraph is applicable to this situation. That has not been argued or briefed and may not actually constitute a problem or create an issue.

For the foregoing reasons, summary judgment will be entered in favor of plaintiff, directing the zoning board to take appropriate steps pursuant to the ordinance and *N. J. S. A.* 40:55–39 (b) with respect to plaintiff's application for a special exception.